# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv18

| | |
|---|---|
| GENEVIEVE WILLIAMS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for supplemental security income. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 8 & # 13]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 13], **DENY** Plaintiff's Motion for Summary Judgment [# 8], and **AFFIRM** the Commissioner's decision.

### I.    Procedural History

Plaintiff filed an application for supplemental security income on March 25, 2010. (Transcript of Administrative Record ("T.") 49-55.) Plaintiff alleged an

-1-

onset date of May 1, 2008. (T. 49.) The Social Security Administration denied Plaintiff's claim. (T. 45-8.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 40-44.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 802-27.) The ALJ then issued a decision finding that Plaintiff was not disabled through the date of the decision. (T. 16-24.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 6-8). Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his December 6, 2012, decision the ALJ found that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act. (T. 24.) The ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since December 30, 2009, the application date (20 CFR 416.971 *et seq.*).

(2) The claimant has the following severe impairment: bilateral Morton's neuroma and minimal degenerative join changes of the feet, and asthma (20 CFR 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, the undersigned

finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with no climbing ladders, ropes and scaffolds; otherwise, occasional climbing ramps and stairs, balancing, stooping, crouching and crawling. She could perform no work around hazards such as unprotected heights and no work with more than occasional exposure to pulmonary irritants.

(5) The claimant has no past relevant work (20 CFR 416.965).

(6) The claimant was born on January 7, 1968 and was 41 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

(7) The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

(8) Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a))

(10) The claimant has not been under a disability, as defined in the Social Security Act, since December 30, 2009, the date the application was filed (20 CFR 416.920(g)).

(T. 18-23.)

### IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The

scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. The ALJ Properly Considered Plaintiff's Severe Impairments

The ALJ's determination as to whether an impairment is severe or not is a threshold determination. See 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Plaintiff bears the burden at step two of showing that she has a medically severe

---
[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

impairment or combination of impairments.  See Bowen v. Yuckert, 428 U.S. 137, 147, 107 S. Ct. 2287, 2293-94 (1987); Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).  An impairment is not severe "only if it is a *slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal citation and quotation omitted) (emphasis in original).  As 20 C.F.R. § 416.921 explains, "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

At step two of the five step evaluation process, the ALJ found that Plaintiff had the following severe impairments: bilateral Morton's neuroma and minimal degenerative joint changes of the feet and asthma.  (T. 18.)  In addition, the ALJ determined that Plaintiff did not suffer from any severe mental impairments.  (T. 19.)  In reaching his decision as to Plaintiff's alleged mental impairments, the ALJ specifically found that:

> At the hearing, the claimant alleged that she struggled to leave her home due to anxiety issues.  The record does not document any treatment for mental health related problems and she has not presented to any providers with complaints of anxiety.  Treating and non-treating physicians have noted she presented as oriented and alert, and no physician has recommended mental health treatment or prescribed any psychotropic medications.  In addition, the claimant attended a psychological evaluation on November 13, 2012, by Dr. Richard

> Salmon at the request of her attorney and was adamant that she did not have a mental health problem. Therefore, the undersigned concluded that claimant does not have a medically determinable impairment related to anxiety.

(T. 19.) The determination of the ALJ that Plaintiff's alleged mental impairments are not severe is supported by substantial evidence in the record.

The medical records consistently note that Plaintiff was in a normal mental state; she was alert, oriented, cooperative, and obeyed commands. (See e.g. T. 236, 254, 278, 309, 458, 599 & 709.) There are no medical records reflecting that Plaintiff ever sought or received treatment for mental health problems. Nor do the medical records reflect that any medical source ever recommended that Plaintiff undergo a mental health evaluation or seek out treatment for such an impairment. In addition, Plaintiff has consistently failed to list any mental impairment as one of her impairments and has denied having any mental health problem. (See e.g. T. 70, 87, 97, 101, 105-07, 112-116.)

The evidence in the record that Plaintiff points to in her Motion for Summary Judgment does not dictate a different result. For example, Plaintiff highlights a treatment note from Dr. Duff A. Rardin in which he notes that "I wonder if this patient is bipolar as she seems manic but is also quite irritable and angry today." (T. 602). There is no evidence, however, that Dr. Rardin diagnosed

Plaintiff with a mental impairment, referred Plaintiff to mental health treatment, or offered any treatment, therapy, or medication to treat any mental impairment. (T. 602-03.) Moreover, the various "abnormal behavioral or psychological anecdote" cited by Plaintiff as evidence of a severe mental impairment are a far cry from the type of evidence in the record that would allow this Court to find that the decision of the ALJ is not supported by substantial evidence in the record.

Not only is the decision of ALJ supported by substantial evidence in the record, the ALJ reached his decision through the application of the proper legal standard. And because the ALJ found that Plaintiff did not suffer any severe mental impairment, the ALJ did not need to determine whether Plaintiff satisfied Listings 12.04 or 12.07. See 20 C.F.R. § 416.920a(d)(2); 404.1520a(d)(2); see also Washington v. Astrue, 698 F. Supp. 2d 562, 581 (D.S.C. 2010) ("Because the ALJ did not find Plaintiff's obstructive sleep apnea to be "severe," there was no reason for him to assess whether it met or equaled a Listing."); Diaz v. Colvin, Civil Action No. 8:13-705-RMG, 2014 WL 3887856, at *11 (D.S.C. Aug. 5, 2014) ("Only if an impairment is "severe" is the Commissioner to move to the next step of the analysis and determine whether the severe impairment(s) meet or medically equal a listed impairment.").[2]

---

2  Even if the ALJ was obligated to consider whether the alleged mental impairments met Listings 12.04 and 12.07, a review of the evidence in the record demonstrates that Plaintiff failed to meet all the criteria for meeting either

**B. The ALJ did not Err in Weighing the Opinion Evidence**

In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 416.927; 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); 20 C.F.R. § 416.927(c)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or

---

Listing.

meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id.

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(d)(2); 20 C.F.R. § 416.927(c)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical source. See 20 C.F.R. § 404.1502; 20 C.F.R. § 416.927(c). As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other

acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502; 20 C.F.R. § 416.902. Of course, the ALJ may still give "great weight" to the opinion of a nontreating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Plaintiff contends that the ALJ erred by assigning no weight to the opinion of Dr. Richard Salmon, a consultative examiner. Dr. Salmon conducted a one-time evaluation of Plaintiff at the request of Plaintiff's attorney. (T. 792.) The evaluation consisted of a 20 minute interview and Dr. Salmon's review of a portion of Plaintiff's medical records. (Id.) As Dr. Salmon explained in his report:

> This is an unusual – in fact, unique – report, that I was not able to conduct a full interview, nor was she willing to complete any of the several psychological questionnaires I provided for her. I will describe her background, her behavior during a brief, 20 minute interview, and offer some *speculations* regarding her mental condition. *I hasten to add that it would not be appropriate, based on the sketchy information available, to offer a definitive diagnosis or conclusion regarding mental factors contributing to her disability.* However, I hope that these *generally speculative comments* might provide some insight that could help in determining her overall capacity for engaging in sustained, gainful employment.

(Id.) (emphasis added).

Here, the ALJ examined the opinion of Dr. Salmon in accordance with the

-11-

requirements of 20 C.F.R. § 416.929 (T. 19) and determined that his decision was entitled to no weight (T. 21). Specifically, the ALJ found that:

> The undersigned has further considered the psychological evaluation completed by Dr. Richard Salmon on November 13, 2012. The record documents the claimant refused to cooperate with the evaluation, and therefore not been found to have a severe mental impairment. In addition, the undersigned notes that the claimant underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral an in connection with an effort to generate evidence for the current appeal.

(T. 21.) The ALJ went on to find that:

> The undersigned has considered the psychological evaluation performed by Dr. Richard Salmon on November 13, 2012, at the request of the claimant's attorney. The assignment was highly speculative and therefore unreliable and the undersigned assigns no weight to Dr. Salmon.

(Id.)

The decision of the ALJ to assign no weight to the opinion of Dr. Salmon is supported by substantial evidence in the record and was not the result of legal error. As Dr. Salmon himself recognized, his opinion was speculative in nature and performed at the request of Plaintiff's attorney; it was not an attempt by Plaintiff to seek treatment for a mental impairment. (T. 792.) Dr. Salmon did not perform psychological testing and he did not render a definite diagnosis or determination as

-12-

to whether a mental impairment affected Plaintiff's ability to work. (T. 791, 96-97.) Moreover, as the ALJ explained, the record was devoid of records reflecting treatment for mental health problems. (T. 19.) Upon a review of the record in this case, the Court finds that the decision of the ALJ to assign no weight to the opinion of Dr. Salmon was supported by substantial evidence in the record and remand is not required.

### C. The ALJ did not Fail to Properly Consider Other Agency Determinations of Disability.

Plaintiff contends that the ALJ erred because he failed to properly consider an application for a handicapped parking placard and an application for access to an assisted housing program, both of which were signed by Dr. Larry Rosenburg. Dr. Rosenburg certified on a form submitted to the Housing Authority of the City of Asheville that Plaintiff was disabled according to the disability definition as defined by the United State Department of Housing and Urban Development. (T. 705.) This application, however, was only one page long and consisted of little more than Dr. Rosenburg checking a box that Plaintiff is disabled. (Id.) Similarly, Dr. Rosenburg signed a two page application for a handicapped placard submitted to the North Carolina Division of Motor Vehicles. (T. 706-7.) As part of this application Dr. Rosenburg marked three boxes indicating that Plaintiff cannot walk 200 feet without stopping to rest, cannot walk without use or assistance from a

brace, cane, crutch, another person, wheelchair, prosthetic device or other device, and is severely limited in her ability to walk due to an arthritic, neurological, or orthopedic condition. (T. 707.)

Upon a review of the record as a whole and the relevant legal authority, the Court finds that the ALJ did not err in giving the two applications signed by Dr. Rosenburg little weight. (T. 22.) As a threshold matter, Plaintiff's contention that Bird v. Comm'r, 699 F.3d 337 (4th Cir. 2012), somehow applies to this case is without merit and deserves no serious discussion from this Court. The record in this case contains only a checkbox form *application* completed by a doctor, not a disability determination made by the Department of Veteran Affairs or a state administrative agency.

Moreover, the Certification of Disability contained in the application to the Housing Authority of the City of Asheville is entitled to no weight and the ALJ was under no obligation to even consider the form because it is nothing more than a statement by a medical source that Plaintiff was disabled. See SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996); 20 C.F.R. § 416,927(d)(1); see also Hillenshiem v. Colvin, No. 13-cv-39-bbc, 2014 WL 26275, at *2 (W.D. Wisc. Jan. 2, 2014) (finding that ALJ did not err by finding that a Certificate of Disability form signed by a physician where the physician marked a box that the plaintiff was disabled

was not a medical opinion). The checkbox form submitted by Dr. Rosenburg contains no discussion, analysis or any explanation beyond the conclusory findings by Dr. Rosenburg that Plaintiff was disabled under the definition used by the Department of Housing and Urban Development. As such, the form is entitled to no weight.

Similarly, the ALJ's decision to reject the opinion of Dr. Rosenburg contained in the application for a handicapped parking placard and afford it little weight is supported by substantial evidence in the record. A conclusory checkbox form like the application filled out by Dr. Rosenburg is entitled to little, if any, weight. See Anderson v. Astrue, 696 F.3d 790, 794 (8th Cir. 2012); Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010); see also Taylor v. Astrue, No. 7:10-CV-149-FL, 2011 WL 2669290, at *4 (E.D.N.C. Jul. 7, 2011); Nazelrod v. Astrue, Civil Action No. BPG-09-0636, 2010 WL 3038093, at *5 (D. Md. Aug. 2, 2010). And as the ALJ properly determined, the medical evidence in the record did not support the conclusory findings in the checkbox form. (T. 22.) Based upon a review of the evidence in the record and the relevant legal authority, the Court finds that the ALJ did err in assigning little to no weight to the applications signed by Dr. Rosenburg.

### D. The ALJ Properly Developed the Record

The ALJ is required "to explore all relevant facts and inquire into the issues necessary for adequate development of the record . . ." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). The Commissioner also has the responsibility of developing the complete medical history for the claimant. 20 C.F.R. § 404.1512(d); 20 C.F.R. § 416.912(d). "Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980).

Plaintiff contends that the ALJ erred by failing to fully and fairly develop the record because the ALJ did not obtain a consultative examination on the question of Plaintiff's mental condition. Plaintiff's argument is without merit. The record before the ALJ was sufficiently complete for the ALJ to render a decision as to whether Plaintiff was disabled; the ALJ did not fail in his duty to adequately develop the record. The medical records were complete and the ALJ's decision that Plaintiff did not have a severe mental impairment was supported by substantial evidence in the record. The ALJ had no duty to develop the record further with regard to any mental condition of Plaintiff, and remand is not required for the ALJ to more fully develop the record in this case.

## VI.　Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 13], **DENY** Plaintiff's Motion for Summary Judgment [# 8], and **AFFIRM** the Commissioner's decision.

Signed: February 15, 2015

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).